IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANTHONY HALL, on behalf of himself and all others similarly situated, | ) ) ) ) |
| Plaintiff, | ) ) ) Case No. 20-cv-00846 |
| vs. | ) ) |
| CLEARVIEW AI, INC., and. CDW GOVERNMENT LLC; | ) ) Jury Demanded ) ) |
| Defendants. | ) |

## CLASS ACTION COMPLAINT

Plaintiff Anthony Hall, on behalf of himself and a putative class ("Plaintiff" or "Hall"), brings this Class Action Complaint against Defendants Clearview AI, Inc ("Clearview"); CDW Government, LLC ("CDW") and alleges the following:

### Introduction

1. A New York Times article published on January 18, 2020 introduced Americans to the then relatively unknown company Clearview AI, Inc. The article described a dystopian surveillance database, owned and operated by a private company and leased to the highest bidder.

2. Clearview AI's database includes the photographs, and personal and private data, including names, home addresses, and work addresses, of millions of Americans. Clearview acquired the billions of data points by "scraping" or harvesting the data from publicly available internet-based platforms such as Facebook, Instagram, and Twitter.

3. But Clearview's database is unique – it has run every one of the 3 billion photographs it has acquired through facial recognition software to extract and index the unique biometric data from each face. The database thus also contains the biometric identifiers and information of millions of Americans. Any private citizen can be identified by uploading a photo to the database. Once identified, the end-user then has access to all of the individual's personal details that Clearview has also obtained.

4. A second article published in the Chicago Sun-Times on January 29, 2020 revealed that the Chicago Police Department was using Clearview's surveillance database to aid in law enforcement operations.

## Jurisdiction

5. This Court has jurisdiction under 28 U.S.C. § 1332(d)(2), the Class Action Fairness Act ("CAFA") because there are 100 or more members of the class, the parties and putative class members are minimally diverse and the aggregate amount in controversy is greater than $5,000,000.

6. This Court has personal jurisdiction over Clearview because they conduct a substantial amount of business here which forms the basis of Plaintiffs' claims. Clearview has made their surveillance database, which contains the private and personal data and biometric information of thousands of Illinois residents, available to Chicago Police department. All defendants' violations of Illinois law are based on and arise from their contacts with the state and its residents. The court has personal jurisdiction over CDW because they are an Illinois company headquartered in Illinois.

7. Venue is proper here under 28 U.S.C. § 1391(b)(2) because a substantial amount of the acts and omissions giving rise to the claims occurred in Illinois.

**Parties**

8. Anthony Hall is a natural person and resident of this district. He maintains an active presence on social media, including Facebook and Instagram. He also uses Venmo to make and accept payments to other individuals.

9. Clearview AI, Inc. is a Delaware corporation with its headquarters in New York City, New York. It owns and operates the surveillance database and markets its products to Illinois-based companies and agencies, including the Chicago Police Department.

10. CDW Government LLC ("CDW"), is an Illinois company headquartered in Vernon Hills, Illinois. CDW provides equipment and services to local government agencies, including the Chicago Police Department.

**Clearview's Surveillance Database**

11. Clearview 'scrapes,' 'harvests,' or otherwise obtains information and photos of millions of Americans from the internet, in particular social media platforms like Facebook and Instagram. That is, they use automated software or processes to obtain massive amounts of data without the consent or knowledge of the platform users.

12. Clearview then runs the photos through facial recognition software which identifies the photos that contain faces.

13. The faces are then processed by Clearview's software, and their biometric data is extracted. The biometric data is a collection of vectors and/or other data points that allows faces to be classified, searched and indexed.

14. Clearview's database links the biometric data to the other data Clearview has scraped so an end-user can find out where the photos came from along with a significant amount of personal and private details about a given individual.

15. In short, anyone with access to the database, including any employee of Clearview, or reseller of the database, or end-user can upload a single photo and identify the person in real-time. A single picture on the internet means that any private citizen can immediately be identified and tracked.

16. Clearview sells or leases access to the surveillance database to public and private entities for profit.

17. Clearview also contracts with third parties, for example CDW, to sell or lease access to the surveillance database.

18. Clearview offers 30-day free trials to individual law enforcement officers so that they will encourage their departments to subscribe to the database.

19. Clearview also monitors the use of the database by the end-users – Clearview employees can see who law enforcement officers are searching for.

## The Illinois Biometric Information Privacy Act ("BIPA")

20. More than ten years ago, the Illinois Legislature recognized the promises and perils of biometric identification technology. It passed the Biometric Information Privacy Act, 740 ILCS § 14/1 *et seq.*, to establish and safeguard Illinois' residents absolute right to control their biometric data.

21. BIPA regulates both biometric identifiers and biometric information. *See, id.*

22. Under the act, a "scan of…face geometry," is a biometric identifier. *Id.* at § 14/10.

23. Biometric information is any information derived from a biometric identifier. *Id.*

24. Under the act, a private entity like Clearview or CDW in possession of either biometric identifiers or information must develop a written policy, available to the public, establishing a retention schedule and guidelines for permanently destroying the information or identifiers. *Id.* § 14/15(a).

25. Clearview and CDW are in possession of biometric identifiers and information which is stored in the Clearview database.

26. Neither Defendant has provided any policy whatsoever establishing either a retention schedule or guidelines for permanently destroying the biometric data.

27. Under the act, a private entity like Clearview or CDW is prohibited from collecting, capturing, or otherwise obtaining a person's biometric information or identifier unless it first: a) informs the subject in writing that the information or identifier is being collected or stored; b) informs the subject in writing of the specific purpose and length of term for which the information or identifier is being collected, stored, or used;, and, c) receives a written release from the subject of the information or identifier. *Id.* at § 14/15(b).

28. Neither Clearview nor CDW at any relevant time had informed Plaintiff or any member of the Class (described below) any of the information required under § 14/15(b). Neither the Plaintiff nor members of the putative Class executed a written release to Clearview or CDW.

29. Under the act, a private entity, like Clearview or CDW, in possession of a person's biometric identifier or information may not sell, lease, trade, or otherwise, profit from a person's information or identifier. *Id.* § 14/15(c).

30. Clearview and CDW are actively selling and/or leasing and profiting off the Plaintiff's and each member of the putative class' information or identifier. They have multiple contracts across the country, including Illinois, to provide access to the surveillance database for money.

31. Under the act, a private entity, like Clearview or CDW, in possession of a person's biometric identifier or information may not disclose or disseminate the information except in certain specific situations, such as to comply with a valid warrant or subpoena. *Id.* at § 14/15(d).

32. Clearview and CDW routinely, as part of their database access leasing business, disclose, re-disclose, and disseminate Plaintiff and members of the putative Class' biometric information and identifiers.

33. Finally, under the act, a private entity, like Clearview or CDW, in possession of a person's biometric identifier or information must store, transmit, and protect the information from disclosure using a reasonable standard of care for their industry and in a manner that is the same or more protective than the manner in which the private entity stores, transmits, and protects other confidential and sensitive information. *Id.* at § 14/15(e).

34. Clearview and CDW's employees have unrestricted access to the surveillance database. This is not a reasonable standard of care in industries that involve highly private databases of sensitive information.

35. BIPA provides a private right of action for violations of the act. For each individual violation, a person may recover the greater of actual damages or $1,000 for each negligent violation or $5,000 for each intentional or reckless violation. *Id.* at § 14/20. The act also provides for reasonable attorneys' fees, costs, and expenses and any other relief the court deems appropriate, including injunctive relief. *Id.*

36. Clearview knew that their scheme to covertly collect and sell personal and private data and biometric information would violate the privacy rights that BIPA was enacted to protect and that the violations would cause substantial harm to Illinois residents.

**The Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA")**

37. The ICFA proscribes any unfair or deceptive acts or practices in the course of trade or commerce. 815 ILCS § 505/2.

38. The ICFA allows any consumer who suffers actual damages from a violation of the act to bring a private action to recover actual damages or any other relief the court deems proper, including punitive damages, as well as attorney's fees and costs. *Id.* at §§ 505/10a(a); 505/10a(c).

39. In determining whether a practice is unlawful under the act, "consideration shall be given to the interpretations of the Federal Trade Commission and the federal courts relating to Section 5 (a) of the Federal Trade Commission Act [15 U.S.C. § 45]. *Id.* at § 505/2

40. Clearview's data harvesting, face recognition data extraction, and construction of a surveillance database it sells, leases, or lends to public and private organizations occurred in the course of commerce or trade.

41. CDW's contract with Clearview to lease database access to third-parties occurred in the course of commerce or trade.

42. Clearview harvested the personal information and biometric data from millions of Illinois residents, including minors, without their consent, then compiled the information into a database, and sold, leased, or lent access to that database.

43. Clearview's secret harvesting of Illinois' residents' photographs, biometric data, for profit is an unfair business practice.

44. Clearview intended for Illinois residents to be unaware of their covert data harvesting operation, knowing that if they were aware, they would take steps to protect their personal and private data.

45. CDW's provision of Clearview's surveillance database to third parties is an unfair business practice.

46. Once Plaintiff became aware of Clearview's database and the likelihood they were included in it, they were harmed by the invasion of their privacy, the anxiety and fear from being included in the surveillance database without their knowledge and consent, and by having to pay for an attorney to file and litigate this suit to have their data removed from the database.

### Common Law—Civil Conversion

47. Plaintiff and putative Class members' biometric identifiers and information, including but not limited to their facial geometries, are identifiable, personal property.

48. This property is represented by and connected to the data contained in Clearview's database and stored on its servers.

49. Individuals have an absolute and exclusive right to control the use of their personal property.

50. Clearview and CDW, without authorization, assumed control over the property by capturing, storing, and selling the Plaintiffs' and Class members' biometric identifiers and information.

51. The value of such property lies, in part, in the exclusive right to possess and control it. More specifically, the right to exclusive control over its collection and dissemination. Without that core right, an individual's interest in their personal biometric identifiers and information is worthless.

52. Clearview and CDW profited off of their illegal acquisition and control of the biometric identifiers and information.

**Plaintiff's Allegations**

53.     At all relevant times, Hall has resided in the Northern District of Illinois and his actions took place, almost exclusively, within this district.

54.     Hall regularly posts to social-media platforms, especially Facebook and Instagram. His posts include photos of himself, his face, and photos of the faces of his family and friends. His online accounts also contain personal information such as his location, the name of his business, and the identity of his wife and their young child.

55.     Many of these posts are public because he posts and comments on many different social, business, and political groups on platforms like Facebook.

56.     Additionally, there are many photos of Hall on other people's social media platforms, and he is often 'tagged' in these photos with his name. These other social media accounts also contain information that could be used to further identify Hall's personal information, such as his home address, his work schedule, places he frequents, and the identity of other friends and family members, including those who do not have a social media presence.

57.     In January 2020, Hall learned of the Clearview surveillance database through media reports and friends.

58.     Because Hall has such a widespread and active social media presence, on information and belief, Hall's biometric information and identifiers and his personal and private information are contained in Clearview's database.

59.     Hall was immediately concerned for his own privacy and safety and the privacy and safety of his friends and family.

60.     Hall has experienced anxiety, stress and other emotional distress based on his inclusion in the surveillance database and the unauthorized, for-profit acquisition and use of his biometric

information by Clearview and CDW and the negligence of the Platform Defendants in allowing Clearview to scrape their data.

61. Hall has also suffered actual damages from the loss of control over his personal property—his biometric identifiers and information—as a result of the Defendants' actions.

62. Due to Defendants' actions, Hall's unique biometric information, which BIPA was designed to protect, has been compromised and sold for profit. It is unclear whether Hall will ever be able to regain control over his biometric information.

63. Further, and as a result of all Defendants' actions, Hall, and his family and friends, are at a greater risk of stalking, harassment, and identity theft.

## Class Allegations

64. Anthony Hall brings this action on behalf of himself and under Fed. R. Civ. P. 23, on behalf of a class defined as:

All persons who reside or resided in Illinois whose biometric identifier or information is or was contained in the Clearview database at any time.

65. Plaintiff reserves the right to amend or modify the Class definition as necessary following discovery.

66. On information and belief, the Class is so numerous that joinder is impracticable. While the exact number is unknown, Plaintiff believes, based on the 3 billion images contained in the database and the fact that CPD determined it was a useful resource that the Class contains over 100 members.

67. Common questions of law and fact exist and predominate over individual questions and include:

    a. Whether any of the members consented to their inclusion in the surveillance database;

    b.    Whether an individual's unique biometric identifiers and information, such as facial geometry, is intangible personal property or whether they have property right in such identifiers and information;

    c.    Did the Platform Defendants owe a duty to Class members and was that duty breached and did it result in harm to the class members;

    d.    The extent of any damages incurred by Class members as a result of Defendants' actions.

68.    Plaintiff's claims are also typical and co-extensive with the claims of the class because he and members of the Class have all suffered the same injuries as a result of identical conduct by the Defendants.

69.    Plaintiff will fairly and adequately protect the interests of the proposed Class and he has retained counsel with experience in consumer law, Illinois law, and federal class actions.

70.    A class action is superior to other methods of adjudication. The Class seeks injunctive relief applicable to the Class as a whole; due to the complexity of the claims, individual actions are not likely to be economically feasible; based on the possibility of a very large Class size, individual litigation would be a burden on the courts and result in delay and inconsistent results.

## Relief Sought

## COUNT I – DECLARATORY AND INJUNCTIVE RELIEF – ALL DEFENDANTS

71.    Plaintiff restates and alleges the above paragraphs, 1-70, as if set forth fully herein.

72.    Plaintiff and the Class seek a declaration:

    a.    that Clearview's business methods and database are an ongoing violation of the Illinois Biometric Privacy Act;

73.    Plaintiff and the Class seek a court order:

a. to command Clearview to expunge, delete, and/or remove all information associated in any way with any member of the Class from their database or any other data collection;

b. to restrain Clearview from scraping or harvesting any information related to any member of the class from any source at any time now or in the future;

c. to command Clearview to submit to and pay for court-supervised monitoring by a third-party of their database and data-collection procedures to ensure compliance with BIPA and any other order of the court;

**COUNT II – BIOMETRIC INFORMATION PRIVACY ACT – CLEARVIEW AND CDW**

74. Plaintiff restates and alleges the above paragraphs, 1-70, as if set forth fully herein.

75. Defendants violated BIPA 740 ILCS § 14/15(a) by failing to develop and maintain a publicly available retention and destruction schedule.

76. Defendants violated BIPA 740 ILCS § 14/15(b) by obtaining biometric information and identifiers without making the required disclosures and receiving a written release from each Class member.

77. Defendants violated BIPA 740 ILCS § 14/15(c) by selling, leasing, trading, or otherwise profiting from the Plaintiff's and Class member's biometric information and identifiers.

78. Defendants violated BIPA 740 ILCS § 14/15(d) by disclosing, re-disclosing, and otherwise disseminating Plaintiff's and Class members' biometric identifiers and information where the individuals did not consent to such disclosure and it was not: a) part of a financial transaction; b) required by any law; or, c) pursuant to a valid warrant or subpoena.

79. As a direct result of these violations, Plaintiff and the Class suffered and continue to suffer injury and actual, economic, and emotional damages.

80. Plaintiff and the Class seek:

   a. $1,000 for the Plaintiff and each member of the class for each and every separate negligent violation;

   b. $5,000 for the Plaintiff and each member of the class for each and every separate intentional or reckless violation;

   c. punitive damages;

   d. costs, expenses, and reasonable attorneys' fees;

   e. and, any other relief this court deems proper.

## COUNT III – ILLINOIS CONSUMER FRAUD AND UNFAIR BUSINESS PRACTICES ACT – CLEARVIEW AND CDW

81. At all times relevant, Defendants were engaged in trade or commerce in the state: Clearview and CDW leased, sold, or otherwise provided, for profit, access to the surveillance database to agencies within Illinois such as the CPD.

82. At all times relevant, Plaintiff and members of the class were consumers within the meaning of ICFA.

83. Defendants practice of unauthorized scraping or harvesting of Plaintiff's and the Class members' photos, videos, private and personal information, and its conversion into biometric information and identifiers to add to their surveillance database is an unfair practice.

84. This practice has caused substantial injury and harm to Plaintiff and the members of the Class. It has also forced the Plaintiff to retain counsel to force Clearview to comply with BIPA and redress other violations of state law.

85. Plaintiff and the Class seek:

   a. actual damages;

    b.    punitive damages;

    c.    costs, expenses, and reasonable attorneys' fees;

    d.    and, any other relief this court deems proper.

## COUNT IV – CONVERSION – CLEARVIEW AND CDW

86. Plaintiff and each Class member have a personal property right in their biometric information and identifiers.

87. Defendants assumed control over the biometric information and identifiers of Plaintiff and the Class with their knowledge or authorization. Defendants' actions impaired Plaintiff and Class members' exclusive right to control their property.

88. Plaintiff and the Class seek:

    a.    the greater of actual damages or the profits gained by CDW and Clearview from the conversion of Plaintiff and Class members property;

    b.    punitive damages;

    c.    and, any other relief this court deems proper.

## Jury Demand

Plaintiff demands a trial by jury.

February 5, 2020

[Signature Page Follows]

Submitted By:
/s/ Michael W. Drew

Michael Drew
Neighborhood Legal LLC
20 N. Clark Street #3300
Chicago, IL 60602
312-967-7220
mwd@neighborhood-legal.com


Michael Wood
Community Lawyers LLC
20 N. Clark Street, Suite 3100
Chicago, IL 60602
Tel (312) 757-1880
mwood@communitylawyersgroup.com

*Attorneys for Plaintiff*