IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DAVID MUTNICK, for himself and others similarly situated, | ) ) ) | Case No. 20 C 512 |
| Plaintiff, | ) ) | |
| v. | ) ) | Judge Sharon Johnson Coleman |
| CLEARVIEW AI, INC.; HOAN TON-THAT; RICHARD SCHWARTZ; and CDW GOVERNMENT LLC, | ) ) ) ) ) | |
| Defendants. | | |
| ANTHONY HALL, on behalf of himself and all others similarly situated, | ) ) ) | Case No. 20 C 846 |
| Plaintiff, | ) ) | |
| v. | ) ) | Judge Sharon Johnson Coleman |
| CDW GOVERNMENT LLC and CLEARVIEW AI, INC., | ) ) ) | |
| Defendants. | ) ) | |

**DEFENDANTS CLEARVIEW AI, INC., HOAN TON-THAT, AND RICHARD
SCHWARTZ'S MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION
TO DISMISS FOR LACK OF PERSONAL JURISDICTION, OR, IN THE
ALTERNATIVE, TO TRANSFER VENUE**

# TABLE OF CONTENTS

INTRODUCTION ....................................................................................................................1

BACKGROUND ....................................................................................................................4

    A.   New York Is the Nexus of the Allegations.......................................................4

    B.   Plaintiffs' Claims Have No Relevant Connection to Illinois ...........................5

    C.   Plaintiffs' Claims Overlap with Those Brought by Many Others.....................6

ARGUMENT ....................................................................................................................6

I.    The Clearview Defendants Are Not Subject to Jurisdiction in Illinois. ..................6

    A.   There Is No General Jurisdiction Over the Clearview Defendants ..................7

    B.   There Is No Specific Jurisdiction ....................................................................7

II.   Alternatively, the Court Should Transfer this Case to the Southern District of New York ....................................................................................................................12

    A.   Legal Standard................................................................................................12

    B.   The Southern District of New York Is a Preferable Forum.............................12

    C.   The Convenience of the Parties and Witnesses Support Transfer...................13

    D.   The Interest of Justice Supports Transfer ......................................................14

    E.   The First-Filed "Rule" Does Not Require a Different Result .........................15

CONCLUSION....................................................................................................................15

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

CASES

*Abbott Labs. v. Selfcare, Inc.*,
No. 98 C 7102, 1999 WL 162805 (N.D. Ill. Mar. 15, 1999) ....................................................15

*Advanced Tactical Sys. v. Real Action Paintball*,
751 F.3d 796 (7th Cir. 2014) ...................................................................................................9

*Aland v. Kempthorne*,
No. 07 C 4358, 2007 WL 4365340 (N.D. Ill. Dec. 11, 2007) .................................................14

*Allman v. McGann*,
No. 02 C 7442, 2003 WL 1811531 (N.D. Ill. Apr. 4, 2003)..................................................7, 9

*Alpha Sch. Bus Co. v. Wagner*,
391 Ill. App. 3d 722, 910 N.E.2d 1134, 1150  (Ill. App. Ct. 2009)........................................9

*ALS Scan, Inc. v. Digital Serv. Consultants, Inc.*,
293 F.3d 707 (4th Cir. 2002) ...................................................................................................9

*be2 LLC v. Ivanov*,
642 F.3d 555 (7th Cir. 2011) ...................................................................................................8

*Bray v. Lathem Time Co.*,
No. 19-3157, 2020 WL 1492742 (C.D. Ill. Mar. 27, 2020)....................................................11

*Burger King v. Rudzewicz*,
471 U.S. 462 (1985)................................................................................................2, 7, 9, 11

*Caterpillar, Inc. v. ESCO Corp.*,
909 F. Supp. 2d 1026 (C.D. Ill. 2012) ..............................................................................13, 15

*Citadel Group Ltd. v. Washington Regional Med. Ctr.*
536 F.3d 757 (7th Cir. 2008) ...................................................................................................6

*Coffey v. Van Dorn Iron Works*,
796 F.2d 217 (7th Cir. 1986) .................................................................................................12

*Cont'l Grain Co. v. Barge FBL–585*,
364 U.S. 19 (1960)................................................................................................................14

*Countryman on Behalf of Upstate New York Pension & Ret. Fund v. Stein Roe & Farnham*,
681 F. Supp. 479 (N.D. Ill. 1987) .........................................................................................15

*Daimler AG v. Bauman*,
    571 U.S. 117 (2014)................................................................7

*Egan v. Huntington Copper, LLC*,
    12 C 9034, 2014 WL 585316 (N.D. Ill. Feb. 14, 2014).......................7, 9

*Ennenga v. Starns*,
    677 F.3d 766 (7th Cir. 2012) ..................................................3

*Glass v. Kemper Corp.*,
    930 F.Supp. 332 (N.D. Ill. 1996) .............................................4

*Gullen v. Facebook.com, Inc*,
    No. 15 C 7681, 2016 WL 245910 (N.D. Ill. Jan. 21, 2016) ...............8, 10

*Hyatt Int'l Corp. v. Coco*,
    302 F.3d 707 (7th Cir. 2002) ................................................11

*Jaramillo v. DineEquity, Inc.*,
    664 F. Supp. 2d 908 (N.D. Ill. 2009) .....................................13, 14

*Kipp v. Ski Enter. Corp. of Wisconsin*,
    783 F.3d 695 (7th Cir. 2015) ..................................................7

*Law Bulletin Publ'g., Co. v. LRP Publ'ns, Inc.*,
    992 F. Supp. 1014 (N.D. Ill. 1998) .......................................12, 13

*Levin v. ARDC*,
    74 F.3d 763 (7th Cir. 1996) ...................................................3

*Matlin v. Spin Master Corp*,
    921 F. 3d 701 (7th Cir. 2019) .................................................8

*Mobile Anesthesiologists Chicago, LLC v. Anesthesia Assocs. of Houston Metroplex, P.A.*,
    623 F.3d 440 (7th Cir. 2010) ..................................................7

*Mohammed v. Uber Techs., Inc.*,
    237 F. Supp. 3d 719 (N.D. Ill. 2017) ..........................................9

*Nelson v. Park Industries, Inc.*,
    717 F.2d 1120 (7th Cir.1983) ..................................................4

*Research Automation, Inc. v. Schrader-Bridgeport Int'l, Inc.*,
    626 F.3d 973 (7th Cir. 2010) ..............................................13, 15

*Richter v. INSTAR Enters. Int'l, Inc.*,
    594 F.Supp.2d 1000 (N.D. Ill. 2009) ..........................................9

*Rosen v. Spirit Airlines, Inc.*,
    152 F. Supp. 3d 1055 (N.D. Ill. 2015) ....................................................................14

*Scarola Ellis LLP v. Skyworks Ventures, Inc.*,
    No. 09 Civ. 10003, 2010 WL 3452381 (S.D.N.Y. Sept. 1, 2010) ...........................15

*Tamburo v. Dworkin*,
    601 F.3d 693 (7th Cir. 2010) .....................................................................................7

*Turnock v. Cope*,
    816 F.2d 332 (7th Cir.1987) .......................................................................................4

*Van Dusen v. Barrack*,
    376 U.S. 612 (1964)..................................................................................................12

*Walden v. Fiore*,
    571 U.S. 277 (2014)..............................................................................................8, 11

## STATUTES

28 U.S.C. § 1391(b)(1) ....................................................................................................13

28 U.S.C. § 1391(c) ........................................................................................................13

28 U.S.C. § 1404(a) ........................................................................................................12

Defendants Clearview AI, Inc. ("Clearview"), Hoan Ton-That, and Richard Schwartz (collectively, the "Clearview Defendants") respectfully request that the Court grant their motion to dismiss for lack of personal jurisdiction, or, alternatively, transfer these cases to the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1404.[1]

## INTRODUCTION

These cases were brought against two New York residents and a small technology company with its headquarters, principal place of business, and employees in New York City. Plaintiffs accuse Clearview of acting as an "agent of law enforcement" in a national conspiracy to violate the rights of millions of Americans and to impose "a massive surveillance state" on our nation from New York. This case should not—and cannot—be litigated in this venue.

There is not a single allegation in the *Mutnick* complaint linking the actions of the individual defendants to Illinois.[2] Indeed, aside from the caption and the formulaic allegations in the causes of action, Messrs. Ton-That and Schwartz are mentioned by name fewer than a combined 10 times in 136 paragraphs. Mutnick instead appears to hang his jurisdictional allegations on the notion that Messrs. Ton-That and Schwartz "conspired" with Clearview based on *Clearview's* alleged actions in this jurisdiction. *Mutnick* FAC ¶ 18. This allegation fails. Not only is it black letter law that a company and its management cannot form a "conspiracy," but Plaintiff's burden is to allege specific facts regarding actions taken by Ton-That and Schwartz individually. That Plaintiff cannot muster any jurisdictional allegations as to Messrs. Ton-That and Schwartz is not surprising; they are residents of New York who do not work, own property,

---

[1] This motion addresses the First Amended Class Action Complaint in *Mutnick* ("*Mutnick* FAC") (No. 20-cv-512, ECF No. 6) and the Class Action Complaint in *Hall* ("*Hall* Compl.") (No. 20-cv-846, ECF No. 1). Together, the operative complaints are referred to as the "Complaints." These cases should be consolidated pursuant to the Court's April 9, 2020 Order. ECF No. 37; *see* Nos. 42, 43.

[2] The *Hall* case does not include any claims against Messrs. Ton-That or Schwartz.

pay tax taxes, or regularly travel to Illinois. The individual defendants have not taken any action here that would make them subject to jurisdiction in Illinois, and the claims against them should be dismissed.

Clearview likewise is not subject to jurisdiction in Illinois. The company collects photos that are publicly available to anyone with access to the internet. It organizes those images into a searchable database, which is stored on servers in New York and New Jersey. Through the Clearview app, licensed law enforcement agencies around the country can access the database. Clearview does not have any employees, real estate, servers, facilities, or offices in Illinois; Clearview is not registered to do business in Illinois, and Clearview does not market or advertise its technology in Illinois.

Almost all the so-called jurisdictional allegations in the Complaints focus on the activities of Plaintiffs or third parties. For example, Plaintiffs allege that they live in Illinois; that they voluntarily uploaded their images to third-party websites such as Facebook and YouTube; and that Clearview collected this publicly available information from the internet. Plaintiffs also allege that certain Illinois parties use Clearview's application. But under Supreme Court precedent, "random, fortuitous, or attenuated" contacts cannot give rise to specific jurisdiction. *Burger King v. Rudzewicz*, 471 U.S. 462, 475 (1985). To confer jurisdiction, Plaintiffs must show that Clearview's "suit-related" conduct is directed at Illinois.

Plaintiffs cannot make such a showing. Plaintiffs allege that Clearview "target[s]" Illinois citizens and "markets" its app in Illinois, but Plaintiffs' own allegations belie these assertions. For example, instead of targeting Illinois citizens, Plaintiffs allege that Clearview "gather[ed] information on millions of American citizens" throughout the country, "furnish[ed] this data to law enforcement agencies throughout the United States," "market[ed] its technology throughout

the United States," and "executed agreements with hundreds of state actors in jurisdictions throughout the country." *Mutnick* FAC ¶¶ 2, 13, 38. Courts routinely reject specific jurisdiction in these precise circumstances.

The Court should therefore dismiss the Complaints or transfer them to the Southern District of New York, where jurisdiction *does* exist over all of the Clearview Defendants, where other plaintiffs have filed four nearly identical putative class actions, and where Mutnick has already appeared before the court.[3] The majority of the events giving rise to the claims at issue occurred in New York, making it the center of gravity for the dispute. Since New York is Clearview's principal place of business and Ton-That's and Schwartz's state of residency, New York is the only state that unquestionably has personal jurisdiction over all three Clearview Defendants. For the same reasons, New York is a more convenient forum for witnesses to appear and for all parties to litigate. Moreover, litigating overlapping cases in multiple forums wastes judicial and party resources by requiring duplicative discovery and motion practice, and by inviting the possibility of inconsistent judicial rulings.[4]

---

[3] Plaintiff Mutnick filed motions to intervene and to dismiss or, alternatively, to stay cases or transfer venue in the four cases pending in the Southern District of New York. *See Calderon v. Clearview AI, Inc.*, No. 1:20-cv-01296-CM (S.D.N.Y) (ECF No. 22); *Burke v. Clearview, AI, Inc.* 1:20-cv-03104-CM (ECF No. 16); *Broccolino v. Clearview AI, Inc.*, No. 1:20-cv-02222-CM (S.D.N.Y.) (ECF No. 10); *McPherson v. Clearview AI, Inc.*, No. 1:20-cv-03053-CM (S.D.N.Y.) (ECF No. 12).

[4] In filing this motion, the Clearview Defendants expressly preserve all of their objections and defenses, including but not limited to their arguments under Rule 12 of the Federal Rules of Civil Procedure that the Complaints fail to state a claim and that the Court does not have subject-matter jurisdiction. *See, e.g.*, *Ennenga v. Starns*, 677 F.3d 766, 772-73 (7th Cir. 2012) ("Rule 12(h)(2) specifically excepts failure-to-state-a-claim defenses from the Rule 12(g) consolidation requirement."); *Levin v. ARDC*, 74 F.3d 763, 766 (7th Cir. 1996) ("Subject-matter jurisdiction cannot be waived and may be contested by a party or raised *sua sponte* at any point in the proceedings.").

## BACKGROUND

### A.    New York Is the Nexus of the Allegations

Clearview—a Delaware corporation with its headquarters and principal place of business in New York—is a technology company that collects publicly available images on the internet and organizes them into a searchable database, which can then be searched on an app by licensed users. Declaration of Richard Schwartz ("Schwartz Decl.") ¶ 6.[5]  Clearview has fewer than ten full-time employees, the majority of whom work in New York, and none of whom are in Illinois.  *Id.* ¶ 8. Clearview's servers hosting the data necessary for its business are located in New York and New Jersey.  *Id.* ¶ 9.

Far from obtaining images through "illegal" or "unauthorized" access, *see, e.g.*, *Mutnick* FAC ¶¶ 18, 48; *Hall* Compl. ¶ 60, Clearview's technology searches the "open web" and public sources for image files, and downloads the files and webpage URL into a database.  Schwartz Decl. ¶ 7.  The files Clearview retrieves are accessible to any individual with an internet connection anywhere in the world.  *Id.*  Thus, any images pertaining to Plaintiffs that may have been collected by Clearview were collected from its place of business in New York, and would be stored on servers that reside in New York or New Jersey.  *Id.* ¶ 9.

Ton-That and Schwartz respectively manage technology and sales for the company, and Ton-That also serves as the company's chief executive officer.  Declaration of Hoan Ton-That ("Ton-That Decl.") ¶ 1; Schwartz Decl. ¶ 1.  Ton-That and Schwartz are both residents of New York.  Schwartz Decl. ¶ 2; Ton-That Decl. ¶ 2.  They do not own property in Illinois, pay taxes in Illinois, or have driver's licenses in Illinois.  Schwartz Decl. ¶ 3; Ton-That Decl. ¶ 3.  They travel

---

[5] "In deciding a motion to dismiss for lack of personal jurisdiction, the court may receive and consider affidavits from both parties."  *Glass v. Kemper Corp.,* 930 F.Supp. 332, 337 (N.D. Ill.1996) (citing *Turnock v. Cope,* 816 F.2d 332, 333 (7th Cir.1987)).  "The court . . . takes as true facts contained in the defendant's affidavit that remain unrefuted by the plaintiff."  *Id.* (citing *Nelson v. Park Indus., Inc.,* 717 F.2d 1120, 1123 (7th Cir.1983)).

4

to Illinois only sporadically, and they have never traveled to Illinois to conduct Clearview business. Schwartz Decl. ¶¶ 3, 4; Ton-That Decl. ¶¶ 3, 4.

**B.    Plaintiffs' Claims Have No Relevant Connection to Illinois**

Plaintiffs have not alleged that the Clearview Defendants took any specific actions directed towards Plaintiffs or any other Illinois citizens. Rather, the bulk of Plaintiffs' allegations confirm that any theoretical connection to Illinois is through their own conduct, and the conduct of third parties. For example, Plaintiffs allege that they are residents of Illinois; that they uploaded their images to publicly-accessible social media websites; that Clearview collected and obtained images of Plaintiffs and Illinois citizens "from millions of websites"; and that third-party users in Illinois obtained licensed access to Clearview's database. *Mutnick* FAC ¶¶ 12, 17, 27–30; *Hall* Compl. ¶¶ 8, 53–58.

The two allegations Plaintiffs do make as to *Clearview's* conduct are that: (1) Clearview allegedly "markets" its app in Illinois, and (2) Clearview has allegedly "entered into service agreements" with law enforcement agencies, including at least one in Illinois. *Mutnick* FAC ¶¶ 17, 39. These allegations are either incorrect or are of no value to this instant motion. Clearview does not target Illinois through advertising or marketing. Schwartz Decl. ¶ 11. Rather, Clearview's app is marketed and available throughout the United States. *Id.*; *Mutnick* FAC ¶ 13. With respect to Plaintiff's allegation that Clearview contracted with parties in Illinois, Plaintiffs fail to allege that Plaintiffs were specifically harmed by that conduct. Plaintiffs may attempt to rely on their allegation that Clearview profits from, sells, or disseminates biometric data, but simply put, there are no facts that support that allegation, because Clearview does not share biometric information with its users. Schwartz Decl. ¶ 6.

Confirming that Clearview's activities had a nationwide scope and did not target Illinois, Plaintiffs also allege that Clearview "gather[ed] information on millions of American citizens,"

"furnish[ed] this data to law enforcement agencies throughout the United States," "market[ed] its technology throughout the United States," and "executed agreements with hundreds of state actors in jurisdictions throughout the country." *Mutnick* FAC ¶ 2, 13, 38. In fact, Mutnick purports to "bring[] claims on behalf of all American citizens." *Id.* ¶ 8.

### C. Plaintiffs' Claims Overlap with Those Brought by Many Others

The present cases substantially overlap with four cases pending in the Southern District of New York.[6] All six cases (1) share a common defendant (Clearview) and procedural posture (pre-answer); (2) are putative class actions involving a class of Illinois residents; (3) allege that Defendants violated the Illinois Biometric Information Privacy Act ("BIPA"); and (4) seek the same relief.

### ARGUMENT

The Complaints must be dismissed as to the Clearview Defendants because there is no personal jurisdiction over them. Alternatively, the Court should transfer these cases to the Southern District of New York, where the most cases are pending against the Clearview Defendants, and where all of the Clearview Defendants are subject to jurisdiction.

## I. The Clearview Defendants Are Not Subject to Jurisdiction in Illinois.

The Court may exercise personal jurisdiction over the Clearview Defendants only if Plaintiffs establish that the Clearview Defendants could be served under the Illinois long-arm statute, which permits personal jurisdiction over non-residents to the same extent as allowed by the Illinois or U.S. Constitution. *Citadel Group Ltd. v. Washington Regional Med. Ctr.¸* 536 F.3d 757, 760–61 (7th Cir. 2008). Because Plaintiffs cannot establish general or specific jurisdiction over the Clearview Defendants, the Complaints must be dismissed.

---

[6] *See supra*, n.3. The complaints in the four New York actions are attached as Exhibits 1, 2, 3, and 4 to the Declaration of Richard Schwartz.

### A.    There Is No General Jurisdiction Over the Clearview Defendants

Plaintiffs do not—and cannot— allege that the Clearview Defendants are subject to general jurisdiction in Illinois.   To establish general jurisdiction, Plaintiffs must demonstrate that Clearview has "continuous and systematic contacts" with Illinois such that Clearview is "essentially at home" in Illinois.  *Kipp v. Ski Enter. Corp. of Wisconsin*, 783 F.3d 695, 698–99 (7th Cir. 2015); *see also Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014).  A corporate defendant is "at home" in the state of its principal place of business and the state of its incorporation.  *Daimler*, 571 U.S. at 137; *Kipp*, 783 F.3d at 698.  Because it is incorporated in Delaware and does not have its headquarters and principal place of business in Illinois, Clearview is not "at home" in Illinois. Likewise, the Court does not have general jurisdiction over Ton-That and Schwartz because they are residents of New York, and have no meaningful ties to Illinois whatsoever.  Schwartz Decl. ¶¶ 2–4; Ton-That Decl. ¶¶  2–4; *see Tamburo v. Dworkin*, 601 F.3d 693, 701 (7th Cir. 2010) (explaining that "isolated or sporadic" contacts with a forum are insufficient to establish general jurisdiction over non-residents); *Egan v. Huntington Copper, LLC*, 12 C 9034, 2014 WL 585316, at *2 (N.D. Ill. Feb. 14, 2014) (finding no personal jurisdiction over employee who does not reside in Illinois, does not work in Illinois, and does not own property in Illinois); *Allman v. McGann*, No. 02 C 7442, 2003 WL 1811531, at *5 (N.D. Ill. Apr. 4, 2003) (same). As a result, none of the Clearview Defendants are subject to general jurisdiction in Illinois.

### B.    There Is No Specific Jurisdiction

Nor can Plaintiffs establish specific jurisdiction over any of the Clearview Defendants. Specific jurisdiction exists when the defendant purposefully directs its activities at the forum state and the alleged injury arises out of those activities.  *Burger King*, 471 U.S. at 472; *Mobile Anesthesiologists Chicago, LLC v. Anesthesia Assocs. of Houston Metroplex, P.A.*, 623 F.3d 440, 444 (7th Cir. 2010).  "The proper question is not where the plaintiff experienced a particular injury

or effect but whether the defendant's conduct connects him to the forum in a meaningful way." *Walden v. Fiore*, 571 U.S. 277, 290 (2014).

"Crucially, not just any contacts will do: 'For a State to exercise jurisdiction consistent with due process, the defendant's *suit-related* conduct must create a substantial connection to the forum State.'" *Gullen v. Facebook.com, Inc.*, No. 15 C 7681, 2016 WL 245910, at *1 (N.D. Ill. Jan. 21, 2016) (quoting *Walden*, 571 U.S. at 283). The relationship between the defendant and the forum "must arise out of contacts that the defendant *himself* creates with the forum." *Walden*, 571 U.S. at 284 (internal quotations omitted). In the context of online companies, the Seventh Circuit has cautioned that courts "should be careful in resolving questions about personal jurisdiction involving online contacts to ensure that a defendant is not haled into court simply because the defendant owns or operates an interactive website that is accessible in the forum state." *Matlin v. Spin Master Corp*, 921 F. 3d 701, 706 (7th Cir. 2019) (internal alterations omitted). Accordingly, a defendant's internet activity will not confer specific personal jurisdiction in Illinois unless the defendant "purposely exploited the Illinois market." *be2 LLC v. Ivanov*, 642 F.3d 555, 558 (7th Cir. 2011).

Plaintiffs' allegations as to specific jurisdiction all fail. To begin with, Plaintiffs do not come close to alleging specific jurisdiction over New York residents Ton-That and Schwartz, who have no connection to Illinois and have never traveled to Illinois to conduct Clearview business. In 135 paragraphs, Mutnick does not once allege that Ton-That and Schwartz had any Illinois contacts. Instead, Plaintiffs allege that "[t]his Court has personal jurisdiction over the Individual Defendants because they conspired to further the illegal scheme alleged in this Complaint, knowing that it would take place, at least in part, in this jurisdiction." *Mutnick* FAC ¶ 18. But that allegation fails. For one thing, it is hornbook law that principals and agents cannot form a

conspiracy. *See Alpha Sch. Bus Co. v. Wagner,* 391 Ill. App. 3d 722, 738, 910 N.E.2d 1134, 1150 (Ill. App. Ct. 2009). Moreover, for the same reasons that Clearview did not "target" Illinois citizens, *see infra* p. 9, neither did Ton-That or Schwartz. In addition, a company's management is not subject to specific jurisdiction for injuries allegedly caused by the company. *Mohammed v. Uber Techs., Inc.*, 237 F. Supp. 3d 719, 734–35 (N.D. Ill. 2017); *Allman v. McGann*, No. 02 C 7442, 2003 WL 1811531, at *5 (N.D. Ill. Apr. 4, 2003). Rather, Plaintiffs must allege the exercise of jurisdiction over Ton-That and Schwartz based on their own contacts with Illinois. *Mohammed*, 237 F. Supp. 3d at 735; *Egan*, 2014 WL 585316, at *2. Plaintiffs have not attempted to make—and cannot make—such a showing.

Plaintiffs' jurisdictional allegations as to Clearview fare no better. *First*, Plaintiffs allege that *they* reside in Illinois and that *they* voluntarily uploaded their images to third-party websites using "Illinois-based computers and mobile devices." *Mutnick* FAC ¶¶ 12, 17, 27–30; *Hall* Compl. ¶¶ 8, 53–56. But these facts related to the conduct of the Plaintiffs are irrelevant to the instant analysis. *See Advanced Tactical Sys. v. Real Action Paintball*, 751 F.3d 796, 801 (7th Cir. 2014).

*Second*, Plaintiffs speculate that, "some of the platforms and websites from which Clearview obtained its more than three billion images were operated by Illinois companies or companies with servers located in Illinois." *Mutnick* FAC ¶ 17. This allegation is doubly flawed. "[V]ague generalizations or unsupported allegations . . . are not enough to support personal jurisdiction." *Richter v. INSTAR Enters. Int'l, Inc.*, 594 F.Supp.2d 1000, 1016 n.6 (N.D. Ill. 2009). Moreover, these types of "random, fortuitous, or attenuated" contacts cannot give rise to specific jurisdiction. *Burger King*, 471 U.S. at 475. Otherwise, an online company such as Clearview would be subject to specific jurisdiction in every state. *ALS Scan, Inc. v. Digital Serv. Consultants, Inc.*, 293 F.3d 707, 712 (4th Cir. 2002) ("If we were to conclude as a general principle that a

person's act of placing information on the Internet subjects that person to personal jurisdiction in each State in which the information is accessed, then the defense of personal jurisdiction, in the sense that a State has geographically limited judicial power, would no longer exist.").

*Third*, Plaintiffs allege that "Illinois citizens' rights were a target of [Clearview's] conspiracy." *Mutnick* FAC ¶ 17. However, Plaintiffs contradict their own allegations. Rather than "target[ing]" Illinois, Plaintiffs allege that Clearview "gather[ed] information on millions of American citizens" throughout the country, and operated nationally. *Id.* ¶ 2. The *Gullen* court dismissed a complaint against Facebook for lack of personal jurisdiction in similar circumstances. 2016 WL 245910. The complaint there alleged that Facebook violated BIPA by using facial recognition technology to obtain biometric data from photos of the plaintiff and other Illinois residents. *Id.* at *1. The plaintiff alleged that Facebook "target[ed]" Illinois residents, but the Court rejected that allegation because the plaintiff elsewhere alleged that "Facebook uses facial recognition technology on every user-uploaded photo, not just on photos uploaded in or by residents of Illinois." *Id.* at *2. "Because plaintiff does not allege that Facebook targets its alleged biometric collection activities at Illinois residents, the fact that its site is accessible to Illinois residents does not confer specific jurisdiction over Facebook." *Id.* Plaintiffs' allegations here fail for the same reason.

*Fourth*, Plaintiffs allege that Clearview "markets" its app in Illinois. *Mutnick* FAC ¶ 17. Not only is this statement false, *see* Schwartz Decl. ¶ 11, it is insufficient. In *Gullen*, Facebook, unlike Clearview here, was "registered to do business" and had a "sales and advertising office" in Illinois, but even there the court rejected specific jurisdiction because these "contacts have no relationship to this suit, which arises from Facebook's alleged collection of biometric data from a photo, not from its sales, marketing, or other business activity in Illinois." 2016 WL 245910 at

*2. Likewise, just last month, a BIPA class action against a Georgia-based company was dismissed for similar reasons. *Bray v. Lathem Time Co.*, No. 19-3157, 2020 WL 1492742, at *1 (C.D. Ill. Mar. 27, 2020). The *Bray* court held that there was no specific jurisdiction over the non-resident defendant because "[t]his lawsuit concerns [defendant]'s alleged collection, storage use and disclosure of biometrics—not [defendant]'s sales" and marketing. *Id.* at *3. Thus, even if Clearview did market its database in Illinois (which it does not), that still would not confer specific jurisdiction here.

*Fifth*, Clearview's alleged "service agreement[]" with the Chicago Police Department ("CPD") cannot support specific jurisdiction. As an initial matter, merely entering into a contract with a forum entity does not create jurisdiction. *Burger King*, 471 U.S. at 478 ("If the question is whether an individual's contract with an out-of-state party *alone* can automatically establish sufficient minimum contacts in the other party's home forum, we believe the answer clearly is that it cannot."); *see also Hyatt Int'l Corp. v. Coco*, 302 F.3d 707, 716 (7th Cir. 2002) (same). Plaintiffs do not allege that Clearview entered into an alleged contract with the CPD as a result of Clearview directing its activities specifically towards Illinois. In fact, the Complaints allege just the opposite. Plaintiffs allege that Clearview "market[ed] its technology throughout the United States" and "executed agreements with hundreds of state actors in jurisdictions throughout the country." *Mutnick* FAC ¶¶ 13, 38.

Moreover, a defendant's suit-related contacts must give rise to plaintiff's alleged harms for a court to assert specific jurisdiction. *Walden*, 571 U.S. at 283 n.6. But here, Plaintiffs have not alleged any harm whatsoever by the alleged service agreement with the CPD. The harm alleged here was Clearview's alleged collection of biometric information from Plaintiffs in violation of BIPA. That alleged harm is entirely untethered from Clearview's alleged agreement with the CPD.

An alleged contract with a third-party that did not result in any alleged harm to Plaintiffs cannot support specific jurisdiction over Clearview. Plaintiffs may attempt to rely on their allegation that Clearview profits from, sells, or disseminates biometric data, but there are no facts that support that allegation. Clearview does not share biometric information with its users. Schwartz Decl. ¶ 6.

For these reasons, the Court should dismiss the Complaints for lack of personal jurisdiction.

## II.   Alternatively, the Court Should Transfer this Case to the Southern District of New York

Transfer to the Southern District of New York, where four similar putative class action cases are pending before Chief Judge McMahon, would promote judicial efficiency and the interest of justice, and allow streamlined resolution of overlapping proceedings.[7]

### A.   Legal Standard

A district court may transfer a civil action to any other district where the action might originally have been brought if doing so would serve the convenience of the parties and witnesses and the interest of justice. *See* 28 U.S.C. § 1404(a); *see generally Van Dusen v. Barrack*, 376 U.S. 612 (1964); *Law Bulletin Publ'g, Co. v. LRP Publ'ns, Inc.,* 992 F. Supp. 1014, 1017 (N.D. Ill. 1998). The decision whether to transfer is committed to the sound discretion of the district court. *Coffey v. Van Dorn Iron Works,* 796 F.2d 217, 219 (7th Cir. 1986).

### B.   The Southern District of New York Is a Preferable Forum

Jurisdiction and venue are both proper in New York. For the reasons discussed above, New York is the only forum that unquestionably has personal jurisdiction over all three Clearview

---

[7] Chief Judge McMahon has made some preliminary observations about the cases, *see Calderon v. Clearview AI, Inc*., No. 1:20-cv-01296-CM (S.D.N.Y) (ECF Nos. 21 and 26), but has not yet been presented with briefing explaining the lack of personal jurisdiction over the Clearview Defendants in Illinois or the strong nexus to New York. The Clearview Defendants intend to share this motion to dismiss with Chief Judge McMahon.

Defendants. At the very least, the Court should conclude that Schwartz and Ton-That are not subject to personal jurisdiction in Illinois—a fact that strongly supports transfer. *Caterpillar, Inc. v. ESCO Corp.*, 909 F. Supp. 2d 1026, 1033 (C.D. Ill. 2012) ("This Court agrees that courts should consider whether they could avoid substantial questions, especially related to personal jurisdiction, by transferring to a court where the questions would not arise.").

Venue is proper "in a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located," 28 U.S.C. § 1391(b)(1), and Clearview, Schwartz, and Ton-That reside in New York, *id*. § 1391(c). Venue is also proper where "a substantial part of the events or omissions giving rise to the claim occurred," *id*. § 1391(b)(2), and here a substantial part of the activities alleged occurred in New York—indeed all of the activities of Clearview resulting in the alleged harm. Venue is thus proper in New York.

## C. The Convenience of the Parties and Witnesses Support Transfer

Transferring to New York will also serve the convenience of the parties and witnesses. The considerations relevant to this determination are the "the situs of material events," "the relative ease of access to sources of proof," "the convenience of the witnesses," and "the convenience to the parties of litigating in the respective forums." *Law Bulletin Publ'g,* 992 F. Supp. at 1017; *see also Research Automation, Inc. v. Schrader-Bridgeport Int'l, Inc.,* 626 F.3d 973, 978 (7th Cir. 2010). This factor weighs in favor of transfer to the forum where the defendant is headquartered when the relevant decisions were made by the defendant's employees. *Jaramillo v. DineEquity, Inc.*, 664 F. Supp. 2d 908, 914 (N.D. Ill. 2009).

Here, New York is far more convenient than Illinois because (1) Clearview is headquartered in New York, (2) the activities relevant to this case (*i.e.*, Clearview's challenged business operations) took place there, (3) Clearview's employees are in New York, and (4) the

13

relevant evidence is located, accessed, or managed in New York.[8]  By contrast, Clearview does not have any employees, real estate, servers, or facilities in Illinois.  The only relevant witnesses in Illinois are Plaintiffs themselves, who could easily provide discovery in New York.[9]  Indeed, Mutnick has already decided to *voluntarily* litigate in New York.[10]

### D.  The Interest of Justice Supports Transfer

Transferring these cases to New York, where they can be heard with other similar cases, serves the interest of justice.  *Cont'l Grain Co. v. The Barge FBL–585*, 364 U.S. 19, 26 (1960) ("To permit a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to the wastefulness of time, energy and money that § 1404(a) was designed to prevent.").  "[T]he apparent trend among Courts in this District is to grant transfer motions under the key geographic factors present here: the defendant is located in the transferee district, [and other] similar class actions are pending in different federal districts and one of the class actions is pending in the transferee district."  *Rosen v. Spirit Airlines, Inc.*, 152 F. Supp. 3d 1055, 1063 (N.D. Ill. 2015).[11]

Here, four related class actions are pending in the Southern District of New York, the forum with the largest number of pending cases against the Clearview Defendants and the *only* forum that unquestionably has jurisdiction over all of the defendants.  All of the cases against Clearview

---

[8] Defendant Schwartz serves as the primary caregiver to a close relative who has a serious medical condition.  Due to this commitment, he infrequently leaves New York.  Schwartz Decl. ¶ 2.

[9] Plaintiffs' choice of forum should not be afforded any weight here.  *Jaramillo v. DineEquity, Inc.*, 664 F. Supp. 2d 908, 914 (N.D. Ill. 2009) ("[T]he plaintiff's choice of forum is given less deference when another forum has a stronger relationship to the dispute.") (citations omitted).

[10] *See supra*, n.3.

[11] *See also*, *e.g.*, *Jaramillo*, 664 F. Supp. 2d at 914 (transferring action to district where similar case was pending because it "would be wasteful and duplicative to have two different courts familiarize themselves with the controversy'); *Aland v. Kempthorne*, No. 07 C 4358, 2007 WL 4365340, at *5 (N.D. Ill. Dec. 11, 2007) (ordering transfer because "section 1404(a) was designed to prevent the situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts").

challenge the same conduct, assert similar claims, and seek similar relief. As a result, the resolution of the claims will center on the same documents and witnesses. Transferring *Hall* and *Mutnick* to New York will therefore serve judicial efficiency, conserve party resources, and avoid the possibility of inconsistent judicial rulings.[12]

### E. The First-Filed "Rule" Does Not Require a Different Result

The first-filed "rule" does not support keeping these cases in Illinois. For one thing, the Seventh Circuit "does not rigidly adhere to a first-to-file rule," but instead "evaluat[es] the order of filing as part of the section 1404(a) transfer analysis." *Research Automation*, 626 F.3d at 980–81. Moreover, and significant here, courts reject the application of the first-filed rule and transfer cases to an appropriate forum when "substantial questions concerning personal jurisdiction" exist in the first-filed forum. *Caterpillar*, 909 F. Supp. 2d at 1033 (C.D. Ill. 2012); *see Scarola Ellis LLP v. Skyworks Ventures, Inc.*, No. 09 Civ. 10003, 2010 WL 3452381, at *5 (S.D.N.Y. Sept. 1, 2010) (transferring first-filed action where personal jurisdiction was disputed in the first-filed forum, but not in the second-filed forum). Here, the case for transfer is strong, made stronger by the fact that the Clearview Defendants—and at the very least Messrs. Ton-That and Schwartz— are not subject to jurisdiction in Illinois. In short, the first filed "rule", which is in fact no rule at all, cannot keep Plaintiffs' cases here.

### CONCLUSION

For the foregoing reasons, the Clearview Defendants respectfully request that the Court dismiss these cases against them for lack of personal jurisdiction, or, in the alternative, transfer these cases to the Southern District of New York pursuant to 28 U.S.C. § 1404.

---

[12] *See Abbott Labs. v. Selfcare, Inc.*, No. 98 C 7102, 1999 WL 162805, at *2 (N.D. Ill. Mar. 15, 1999) (transferring case because "we do not wish to risk conflicting rulings"); *Countryman on Behalf of Upstate New York Pension & Ret. Fund v. Stein Roe & Farnham*, 681 F. Supp. 479, 484 (N.D. Ill. 1987) (same).

DATED:  April 27, 2020                    JENNER & BLOCK LLP


                                   By:   *s/ Lee Wolosky*
                                         _____
                                         Lee Wolosky (admitted *pro hac vice*)
                                         Andrew J. Lichtman (*pro hac vice* pending)
                                         JENNER & BLOCK LLP
                                         919 Third Avenue
                                         New York, New York 10022-3908
                                         Phone: (212) 891-1600
                                         lwolosky@jenner.com
                                         alichtman@jenner.com

                                         Howard S. Suskin
                                         David P. Saunders
                                         JENNER & BLOCK LLP
                                         353 North Clark Street
                                         Chicago, Illinois 60654
                                         Phone: (312) 222-9350
                                         hsuskin@jenner.com
                                         dsaunders@jenner.com

                                         *Attorneys for Defendant Clearview AI, Inc., Hoan*
                                         *Ton-That, and Richard Schwartz*

## <u>CERTIFICATE OF SERVICE</u>

I certify that on April 27, 2020 I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a Notice of Electronic Filing to all counsel of record.

By:  <u>/s/  Lee Wolosky            </u>
         Lee Wolosky